## STATE EX REL. KENNETH ARTHUR HAAS v. RALPH H. TAHASH.

160 N. W. (2d) 719.

August 2, 1968—No. 41,025.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *David J. Byron,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order denying defendant's petition for a writ of habeas corpus.

On March 13, 1964, defendant pleaded guilty to the crimes of burglary, escape, and aggravated assault. The burglary and assault occurred on January 20, 1964. Four days later the court appointed two attorneys to represent defendant. On February 2 defendant escaped from the McLeod County jail. When he was rearrested he was additionally charged with escape. Following a preliminary hearing on all three charges defendant was bound over to the district court, where he appeared with counsel. On February 14, 1964, he entered not guilty pleas on all charges. On March 13 he changed his plea to guilty on all three charges. He was sentenced to a total of 30 years.

He consulted with the two court-appointed counsel at the time of entering his plea and on two previous occasions. They advised him that he could seek a change of venue and informed him of his right to a jury trial. At the time of entering his plea, he stated that he had been adequately advised and that he pleaded guilty of his own desire.

Defendant's petition for a writ of habeas corpus was denied after a hearing on the merits. The sole issue presented on this appeal is whether the habeas court erred in determining that defendant was adequately represented by trial counsel.

As we recently said in State v. Sandve, 279 Minn. 229, 156 N. W. (2d) 230, the claim of inadequate representation is becoming so commonplace that we see no need to discuss the issue in each case. The topic is covered exhaustively in State v. Waldron, 273 Minn. 57, 139 N. W. (2d) 785, where we said that in order to be sufficient the allegations of incompetence of counsel must disclose a performance so incompetent as to make the trial a farce or a mockery of justice. Such is not the situation here. Instead, the record discloses a lack of merit in defendant's claim that he was inadequately represented by his trial counsel.

Affirmed.